**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRIS JULISSA DIAZ SUAREZ; KARLA PATRICIA SORTO DIAZ; DANIELA JULISA RAMIREZ DIAZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-69<br><br>Agency Nos.<br>A220-906-311<br>A220-906-312<br>A220-906-313<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025[**]
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Iris Julissa Diaz Suarez petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying her and her two minor daughters' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Diaz Suarez is the lead applicant, and her two minor daughters are derivative applicants on her asylum request. Because the parties are familiar with the facts, we need not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion the IJ's decision below pursuant to 8 C.F.R. § 1003.1(e)(4), "we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004). Reviewing the agency's legal conclusions de novo and the agency's factual findings for substantial evidence, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), we deny the petition. The temporary stay of removal remains in place until the mandate issues, and the motion for a stay of removal is otherwise denied.

An applicant for asylum must demonstrate she is "unable or unwilling to return to [her] home country because of a well-founded fear of future persecution on account of" a protected ground. *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). An applicant for withholding of removal must demonstrate a

"clear probability" of persecution, which is "more stringent than asylum's well-founded-fear standard." *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022) (internal quotations and citation omitted). For both asylum and withholding of removal, an applicant must establish that her persecution bears some nexus to a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring, for asylum, that applicant's protected ground "was or will be at least one central reason" for past or feared future persecution); *id*. § 1231(b)(3)(C) (for withholding of removal, protected ground is "a reason" for past or feared future persecution).

Substantial evidence supports the denial of asylum and withholding of removal based on the IJ's finding that Diaz Suarez's harassment bore no nexus to a protected ground. Diaz Suarez alleges persecution based on a particular social group of her familial relationship with Rosalis Bustillo (her former partner and the father of her child) or Romell Johany Diaz Suarez (her brother). As the IJ noted, when the gang approached Diaz Suarez, they "did not mention [Rosalis Bustillo's] name during any encounters and did not indicate in any way that this was the reason why they wanted her to sell drugs." The gang's interest in Diaz Suarez was "for enrichment in their drug dealing criminal operation," and any interest in Romell "involved extortion for money." The "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3                                                                 24-69

Diaz Suarez identifies no other evidence of nexus.

Substantial evidence also supports the denial of CAT relief. To be eligible for CAT protection, the applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Plancarte Sauceda*, 23 F.4th at 834 (quoting 8 C.F.R. § 1208.16(c)(2)). "The torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.18(a)(1)).

At the hearing before the IJ, the sole evidence Diaz Suarez provided in support of consent or acquiescence was her mistaken belief that a Honduran policeman extorted her brother, Romell. Otherwise, Diaz Suarez knew of no reason why anyone in the Honduran government would want to harm her. She alleges that the Honduran government "has breached its duty to protect civilians like [Diaz Suarez] from torture" but adduces no facts and identifies no record evidence substantiating this breach. Consequently, substantial evidence supports the IJ's conclusion that "[t]here is no . . . evidence indicating that the Honduran police would be involved in any way in consenting, acquiescing, or turning a willful blind eye to any alleged torture of [Diaz Suarez]."

**PETITION DENIED.**

4                                                                24-69